El Juez Asociado Sr. Figueras no formó Tribunal en la vista de este caso.

---

## Ex Parte Torres.

Apelación procedente de la Corte de Distrito de Ponce.

No. 48.—Resuelto en Diciembre 7, 1903.

Acusación.—La circunstancia de que haya expirado el término de quince días, á que se refiere el artículo 148 del Código de Enjuiciamiento Criminal, sin haberse presentado una nueva acusación, no es motivo suficiente para decretar, sin más trámite, la inmediata libertad del prisionero, pues siendo asunto de la discreción del Tribunal, éste puede prorrogar dicho término, aún después de su vencimiento.

Id—Habeas Corpus.—El procedimiento de Habeas Corpus no debe ser utilizado para obtener la libertad de un prisionero por virtud de lo dispuesto en el artículo 148 del Código de Enjuiciamiento Criminal, pues en estos casos lo procedente es presentar una moción, con tal fin, á la Corte que entienda en el asunto.

Id.—Al expresar el artículo 483 del Código de Enjuiciamiento Criminal que el preso *puede ser excarcelado,* en cualquiera de los casos que enumera, no impone á los Tribunales el deber imperativo de decretar la excarcelación, sino que deja esta acción á la sana discreción judicial.

Id.—Si el cumplimiento extricto de la ley obligara á un Juez á decretar la libertad de un prisionero, y las obligaciones de su cargo le impusieran el deber de ordenar el *nuevo arresto del mismo, es mejor práctica seguir el procedimiento recto y denegar su excarcelación.*

Id.—Un simple defecto de procedimiento, ó la negligencia de un funcionario, no son siempre motivos suficientes para expedir un mandamiento de Habeas Corpus, ó justificar la excarcelación de un prisionero.

Id.—Si apareciere que el peticionario, en un *procedimiento de Habeas Corpus,* es culpable de un delito, ó hay razones suficientes para estimarlo así, y

#### No. 48.—Decided December 7, 1903.

CRIMINAL LAW—INFORMATION.—The fact that a new information has not been filed within the period of fifteen days, as provided in section 148 of the Code of Criminal Procedure, is not sufficient ground for the discharge of the defendant, it being a matter resting within the sound discretion of the trial court, and the time may be extended after the expiration of the period provided by the statute.

ID.—HABEAS CORPUS.—The writ of *habeas corpus* is not the proper remedy to secure the discharge of a prisoner under section 148 of the Code of Criminal Procedure, it being only necessary to make application before the court having cognizance of the matter.

ID.—Section 483 of the Code of Criminal Procedure, in prescribing that a prisoner may be discharged in any of the cases specified therein, does not make it the imperative duty of the court to discharge a prisoner, but leaves it to a sound judicial discretion.

ID.—HABEAS CORPUS.—If on *habeas corpus* proceedings it appears that the applicant is clearly guilty of an offense, or there is good reason to believe him guilty, it is the duty of the court having cognizance of the proceedings to remand him to custody.

---

\* This is not a translation, but was originally rendered in English.

que debe ser sometido á juicio, es obligación del Juez ó Tribunal, que conozca del procedimiento, remitirlo nuevamente á prisión.

Los hechos están expresados en la opinión.

Abogado del apelado : *Sr. del Toro*, Fiscal.

La parte apelante no compareció.

El Juez Asociado Sr. MacLeary emitió la siguiente opinión del Tribunal :

El presente caso es un recurso de apelación interpuesto por Antonio Torres contra una resolución del Hon. Sr. Juez Soto Nussa, de la Corte de Distrito de Ponce, que declaró sin lugar la excarcelación del prisionero Torres, solicitada por medio de auto de *habeas corpus.*

La solicitud se funda en las razones siguientes que se expresan en la misma :

1ª — Que su representado fué acusado por hurto de mayor cuantía, cuyo juicio el Tribunal mandó suspender suponiendo que el hecho constituía el delito de abuso de confianza.

2ª — Que el Tribunal ordenó al representante del Ministerio Fiscal, formulara nueva acusación contra su representado por el delito de abuso de confianza.

3ª — Que el artículo 148 del Código de Enjuiciamiento Criminal dispone, que dicha nueva acusación debe ser presentada dentro del improrrogable término de quince días, y no presentada ésta deberá el Tribunal disponer se absuelva al acusado.

4ª — Que han transcurrido esos quince días, sin que el Fiscal haya presentado dicha nueva acusación, ni el Tribunal haber concedido prórroga para presentarla.

El Juez denegó la excarcelación del prisionero por las siguientes razones :

1ª — En primer término es preciso tener muy en cuenta la naturaleza legal del beneficio concedido por la ley vigente bajo la denominación de *habeas corpus* en consonancia con su orígen histórico, á fin de afirmar una vez más la doctrina jurídica corriente en los Tribunales de Justicia y evitar de este modo que lo que en sí no es más que un beneficio ó privilegio, se convierta en un medio especioso, para eludir unas veces la prisión legal y justa de una persona ó para burlar la acción de la justicia, colocando al presunto reo fuera del alcance de las responsabilidades penales, logrando su impunidad contra el interés social que pide sea perseguido el delito y castigado todo delincuente.

The facts are set forth in the opinion.

*Mr. del Toro, Fiscal,* for respondent.

The appellant made no appearance.

Mr. Justice MacLeary rendered the following opinion of the court:

This is an appeal taken by Antonio Torres from an order made by Hon. Sr. Soto Nusa, one of the district judges in the Ponce district, denying the liberation of the prisoner Torres, on application for the writ of *habeas corpus.*

The application is made for the following reasons, as set forth therein:

" 1.   That his client was accused of grand larceny, the trial of which the court ordered suspended, supposing that the act constituted the offense of abuse of confidence.

" 2.   That the court ordered the representative of the Attorney General to formulate a new information against his client, for the offense of abuse of confidence.

" 3.   That article 148 of the Code of Criminal Procedure provides, that said new information shall be presented within the term of fifteen days, and if at the expiration of this time it has not been presented, the court should set the accused at liberty.

" 4.   That those fifteen days have elapsed, without the *Fiscal* having presented said information, and without the court having extended the time in which it may be presented."

The judge refused to discharge the prisoner for the reasons following:

1.   In the first place, it is necessary to take into account the legal nature of the benefit received by the present law in force, designated as *habeas corpus,* in order to establish once more the judicial doctrine current in courts of justice, and prevent that which in itself is nothing more than a benefit or privilege from being converted into a means of eluding the legal and just imprisonment of a person, or ridiculing the action of justice, placing the supposed criminal beyond the reach of penal responsibilities, succeeding in impugning it against the interests of society, which demands that crime be inquired of and the criminal punished.

2.   So the writ of *habeas corpus* is, as has been said, a benefit estab

2ª — Así el *habeas corpus* es, como se ha dicho, un beneficio establecido por la ley de procedimientos criminales de acuerdo con la Constitución para garantir la libertad del ciudadano que no·puede ser restringida ni cercenada si no en los límites· extrictamente prevenidos en las leyes penales, un recurso extraordinario que estas mismas leyes acuerdan á favor de cualquiera persona á quien se haya privado de su libertad individual de un modo injusto, ilegal ó indebido, y cuyo recurso solo puede y debe ejercitarse en defecto ó á falta de otros recursos ó medios ordinarios para obtener la libertad de dicha persona.

3ª — La cuestión legal por tanto es en este caso concreto determinar si el peticionario ha podido utilizar algún recurso ordinario para obtener la libertad sin necesidad de acudir al extraordinario del *habeas corpus* y caso afirmativo, si lo utilizó sin resultado alguno favorable para él, agotando así la vía de los recursos ó remedios legales ordinarios.

4ª — Es indudable por ser de evidencia, que el solicitante no ha agotado la vía de los recursos ordinarios y corrientes, puesto que no ha utilizado ó por lo menos no existe prueba alguna de haberlo ejercitado en su favor, el que virtualmente le concede el mismo articulo 148 de la Ley de Enjuiciamiento Criminal y en el que fundamentó su petición de *habeas corpus*, puesto que imponiendo ese mismo artículo citado á los Tribunales que conocen de 'la causa, y por tanto que son los únicos que tienen potestád jurisdiccional y competencia para ello, el deber, esto es, la obligación formal de absolver á la persona indicada de delincuencia, cuando habiendo ordenado aquellos al Fiscal la presentación de una nueva acusación, ha dejado éste transcurrir el plazo de quince días sin haberlo verificado y sin que dicho Tribnnal hubiese hecho uso de esa facultad que implica desde luego un recurso ordinario como consecuencia natural de la propia situación del solicitante dentro del procedimiento, es claro como la luz meridiana que dejó de valerse del medio legal usual y corriente para obtener la libertad.

5ª — Por otra parte, el único punto de partida para dar viabilidad al recurso de *habeas corpus* en este caso, hubiera sido la declaración formal hecha por el Tribunal que conoce de la causa negatoria de la absolución como demostrativa de haberse agotado todos los recursos ordinarios y como esta prueba no existe, de aquí que el *habeas corpus* se haya ejercitado prematuramente; si á esta argumentación se añade que la competencia del Juez único en este caso, solo alcanza á conocer extrictamente del *habeas corpus* sin que pueda extenderse á otras materias que la ley reserva á la jurisdicción más ámplia de los Tribunales de Distrito en la forma y modo como están organizados en la Orden General No. 118 de acuerdo con el Bill Foraker, se comprenderá sin esfuerzo la razón legal que abona la desestimación que se ha hecho del *habeas corpus* solicitado por la representación del preso Antonio Torres.

lished by the Law of Criminal Procedure, in accordance with the Constitution, to guarantee the liberty of the citizen, which cannot be deprived or abridged except within the limits strictly provided by the penal laws, an extraordinary recourse which these same laws give every person who has been in an unjust manner deprived of his liberty, and which recourse can be, and should be had, only in cases where there is no ordinary means of obtaining the liberty of such person.

3. The legal question, therefore, in this case to be determined, is whether the petitioner could have made use of any ordinary means of obtaining his liberty without resorting to the writ of *habeas corpus*, and if so, whether he made use of the same without obtaining any favorable result, exhausting in this way the ordinary legal remedies.

4. It is indubitable, it being in the evidence, that the petitioner has not availed himself of all the ordinary remedies in use, inasmuch as he has not made use of or at least there exists no proof of his having done so, the article 148 of the Law of Civil Procedure, on which he bases his petition for writ of *habeas corpus*, as that article imposes upon the courts which try the case, and which are the ones having jurisdiction of the same, the duty or obligation of discharging the prisoner when the same has ordered the *Fiscal* to present a new accusation, and has allowed the term of fifteen days to expire without the same having been done, and without the court having made use of its discretion of the privilege of extending said term, it is natural to conclude that the court making no declaration in the matter, that is to say, not pronouncing any resolution declaring the discharge, or extending the time for the presentation of the new information, and from that very moment the petitioner had the right correlative with the alternative duty of the court, or to ask the same to comply with that duty, requesting the discharge of his client; and in not making use of that remedy, which at once implies an ordinary recourse as a natural consequence of the situation of the petitioner within the proceeding, it is as clear as the midday light, that he failed to avail himself of the usual and current means of obtaining his liberty.

5. On the other hand, the only point of departure in order to make the remedy of *habeas corpus* possible in this case would have been a formal declaration made by the court which tried the case, denying the acquittal, and thus showing that all ordinary remedies had been exhausted, and as there is no evidence of this, the *habeas corpus* has been prematurely employed. If to this argument it be added that the jurisdiction of the judge sitting in this case extends only to the strict hearing of the application for *habeas corpus*, without being permitted to take cognizance of other matters which the law reserves to the more ample jurisdiction of the district courts, in the form and manner in which they are organized by the General Order No. 118, according to the Foraker Bill, it will be easy to understand the reason for

6ª — Además y en términos generales, el mero hecho de no presentar el Fiscal la nueva acusación dentro del plazo de quince días, solo implica en todo caso una infracción de las reglas del procedimiento, y es sabido según declaración de esta Corte, confirmada por la Suprema, que cualquiera sean las irregularidades procesales, no pueden ser consideradas en diligencias de *habeas corpus*.

El objeto del gran auto de *habeas corpus*, dice un autor eminente, es como sigue :

"Su objeto es librar de detención ilegal, no castigar al demandado ó servir como reparación de su detención ilegal. La concesión del *habeas corpus* no es un acto meramente ministerial, sino judicial; y puede expedirse en los pleitos civiles, así como en las causas criminales; pero es preciso que se demuestre razón probable por la cual deba expedirse. Este auto es el remedio para toda detención ilegal. Se sigue por los procedimientos ordinarios, y la determinación del Tribunal, ó del Juez, sobre los hechos, tiene el efecto de un veredicto de jurado. No fué dado para juzgar de nuevo cuestiones de hecho, ó para revisar los procedimientos de un juicio legal. No puede emplearse en sustitución de un recurso de apelación, ó de un recurso por causa de error ó *certiorari* Errores ó irregularidades en el procedimiento, que no envuelvan cuestiones de jurisdicción, no pueden revisarse por *habeas corpus*. Church on *Habeas Corpus* sección 87.

Esta opinión ha sido aprobada por muchos de los altos Tribunales de última instancia en los Estados Unidos, y es sin duda una buena doctrina. La persona acusada tiene derecho á todo el beneficio de la sección 148 del Código de Enjuiciamiento Criminal, la que dice así:

"Artículo 148.—Si el Tribunal dispusiera que se formule nueva acusación, y se hallare bajo custodia el acusado, deberá éste continuar preso, á no ser que se le admitiera fianza; si ya hubiera prestado fianza personal ó pecuniaria para responder de su comparecencia á contestar la nueva acusación, y dentro de los quince días no se presentára ésta, deberá el Tribunal disponer que se le absuelva, á no ser que por razón especial extendiera el plazo dentro del cual haya de presentarse la acusación.

Pero esta sección no quiere decir que, si por cualquiera razón ocurriese que después del término de quince días de haber la Corte ordenado que se presentase la nueva acusación, no se presenta la misma, la Corte deba en el acto, sin considerar objeción alguna, disponer que se absuelva al

the denial of the writ of *habeas corpus* for which petition was made by the attorney for the prisoner, Antonio Torres.

6. Moreover, and in general terms, the mere fact that the *Fiscal* did not present the new accusation within the term of fifteen days, only implies in any case, an infraction of the rules of the proceeding, and it is a known fact that, according to a decision of this court, confirmed by the Supreme Court, that whatever irregularities there may be in the proceedings, they cannot be taken cognizance of under the writ of *habeas corpus*.

The object of the great writ of *habeas corpus* is stated by an eminent text-writer, as follows:

"Its object is to free from illegal restraint, not to punish the respondent, or to afford the party redress for his illegal detention. The allowance of the writ is not a mere ministerial act, but a judicial one; and it may issue in civil as well as criminal cases; but probable cause must be shown for the issue of the writ. This writ is a remedy for every illegal imprisonment. It is prosecuted by ordinary proceedings, and the determination of the court or judge upon the facts has the effect of a verdict of a jury. It was not framed to retry issues of fact, or to review the proceedings of a legal trial. It cannot be used as a substitute for an appeal, or for a writ of error of *certiorari*. Errors and irregularities in procedure not going to the question of jurisdiction are not reviewable on *habeas corpus*." (Church on Habeas Corpus, sec. 87.)

This has been approved by many of the highest courts of last resort in the country and is unquestionably sound doctrine.

The accused person is entitled to the full benefit of section 148 of the Code of Criminal Procedure, which reads as follows:

"If the court directs an information to be filed, the defendant, if already in custody, must so remain, unless he is admitted to bail, or, if already admitted to bail, or money is answerable for the appearance of the defendant to answer a new information and unless a new information is filed within fifteen days, the court must order the defendant discharged, unless by special reason the court extends the time of filing the information."

But this section does not mean that if for any reason whatever it should transpire that after the lapse of fifteen days after the court has directed an information to be filed a new information is not presented, the court must at once,

acusado. El Tribunal, ó los Jueces que conocen de la causa, pueden hacer uso de un poder discrecional, y si no se ejercita dentro del término indicado por este estatuto, puede ejercitarse tan pronto como sobre el asunto se les llame la atención, ó el despacho de los negocios lo permita. El estatuto no dice que el Tribunal deba extender el plazo antes de vencer el término de quince días. Tales estatutos no deben interpretarse tan extrictamente. Por supuesto, de tal poder discrecional nunca debe abusarse por la Corte, sino que debe usarse de él en interés de la justicia y en compasión del acusado. Los derechos del Pueblo, así como los del acusado deben ser bien cuidados. Nosotros creemos que tal ha sido el criterio del Juez de Distrito en el caso que ante nos pende en apelación. No fué necesario en esta causa solicitar el auto de *habeas corpus* para obtener la libertad, si es que el solicitante debe obtenerla. Lo que éste debió hacer, atendidas las circunstancias, fué presentar una moción al Tribunal ante el cual había sido acusado, y citar la sección bajo la cual alegaba debía tomarse acción. Cuando un remedio tan claro está al alcance del detenido, es un abuso el pedir á los Jueces de la Corte el auto de *habeas corpus*, para que se le ponga en libertad. La sección 483 del Código de Enjuiciamiento Criminal dice que el detenido puede absolverse en cualquiera de los siguientes casos; y entre éstos se encuentra el segundo que á la letra dice:

"Cuando siendo legal en su origen el arresto, ha tenido lugar después alguna acción, omisión, ó suceso por el cual la persona arrestada se haya hecho acreedora á su excarcelación".

Este estatuto no impone como deber imperativo, á la Corte, ó al Juez, el absolver al detenido, pues el uso de la palabra "puede", revela que lo deja á la sana discreción judicial, la que, por supuesto, ha de ejercitarse siempre armonizando los intereses de la sociedad y los derechos de la libertad individual. Si para cumplir literalmente con la sección 148 del Código de Enjuiciamiento Criminal, el Juez se creyó obligado á excarcelar al detenido, sería su deber

without heeding any objection, order his discharge from prison. Some discretion is left to the trial judges, and if it is not exercised within the time indicated in this statute it can be exercised as soon thereafter as the matter is called to the attention of the court, or the dispatch of business will permit. The statute does not say that the court must extend the time before the expiration of the fifteen days. Such statutes as this were never intended to be so strictly construed. Of course such discretion must never be abused by the court, but used in the interest of justice and in mercy of the accused. The rights both of the People and the prisoner must be well guarded. We believe that such has been the course of the district judge in the case pending before us on appeal. It was unnecessary to apply for a writ of *habeas corpus* in this case to secure liberation from imprisonment, if the applicant was entitled to be liberated—all that was necessary for him to do under the circumstances was to make a motion before the court in which he had been accused, and to cite the section under which he claimed that action should be taken. When so plain a remedy is within the reach of the prisoner it is a misuse of the writ to apply to one of the judges of the court for a writ of *habeas corpus*, asking for his release from imprisoment.

It is said in section 483 of the Code of Criminal Procedure that the prisoner may be discharged in any of the following cases, among others the second, reading thus:

"When the imprisonment was at first lawful, yet by some act, omission, or event which has taken place afterwards, the party has become entitled to a discharge."

This statute does not make it the imperative duty of the court or judge to discharge the prisoner, but by using the word "may," leaves it to a sound judicial discretion, which of course should always be exercised with a view to the protection of society and the preservation of individual liberty.

If, to comply literally with section 148 of the Code of

como magistrado, expedir en el acto una orden para su retención, y volver á ponerlo preso antes de que se retirara de su presencia. Por que, pues, no volver á enviarlo de una vez á la cárcel, sin apelar á engaños ó rodeos impropios de la autoridad judicial?. El método recto es sin duda el mejor. No todo defecto pequeño de procedimiento, ó negligencia de un oficial, bien por mucho trabajo, bien por otra causa cualquiera, autorizará la expedición del auto de *habeas corpus* ó justificará la excarcelación de un preso por el Juez. Si el solicitante es culpable de una ofensa, ó si hay buena razón para creerlo, ·y debería detenerse para el juicio, deber es de la Corte ó del Juez que conoce de los procedimientos de *habeas corpus*, reenviarlo á la custodia. No debe permitirse que abuse de los derechos obtenidos por este gran remedio, convirtiéndolo en instrumento para burlar la justicia, cuando es un escudo para la inocencia. El Tribunal Supremo de los Estados Unidos tomó este punto de vista en un caso célebre de *habeas corpus*, y emplea lenguaje como el siguiente :

"Un auto de *habeas corpus* no es como un proceso para recobrar daños por un arresto ilegal, ó detención, sino que su objeto es determinar si el preso puede ser detenido bajo custodia legalmente ; y si se demuestra razón suficiente para su detención por el gobierno, no debe absolvérsele por defectos en el arresto ó auto de detención original." Citando *Ex parte Bollman & Swartwout*, 4 Cranch, 75, 114, 125 ; *Coleman Tennessee*, 97 U. S. 509, 519 ; *United States* v. *McBratney*, 104 U. ·S. 621, 624 ; *Kelley* v. *Thomas*, 15 Gray, 1902 ; *The King* v. *Marks*, 3 East, 157 ; *Shuttleworth's case*, 8 Q. B. 651. Véase *Nishimura Ekiu* v. *United States*, 142 U. S. 651.

Seguramente que el preso Torres fué propiamente detenido para el juicio bajo el cargo de hurto de mayor cuantía, que fué presentado contra el mismo por el Fiscal. La acción pues, del Juez de la Corte de Distrito de Ponce, al denegarle al preso la libertad, de acuerdo con su solicitud concuerda extrictamente con la ley aplicable á este caso y su acción debe confirmarse· La sentencia de este Tribunal será conforme con lo que se deja expuesto.

*Confirmada.*

Criminal Procedure, the judge felt bound to enlarge the prisoner, it would be his duty as a magistrate at once to issue a warrant for his re-arrest, and have him again imprisoned before leaving his presence. Then why should he not be remanded at once without any judicial legerdemain. Surely the straightforward method is the best.

It is not every slight defect in procedure or neglect of an officer, whether arising from a press of business or other cause, that will authorize the issuance of the writ of *habeas corpus*, or justify a judge in liberating a prisoner. If the applicant is clearly guilty of an offense, if there is good reason to believe that he is so, and should be detained for trial, it is the duty of the court, or judge sitting on *habeas corpus* proceedings, to remand him to custody. He should not be permitted to abuse the rights secured by this great remedy and make it an instrument of defeating justice, rather than a protection for innocence. The Supreme Court of the United States took this view of the matter in a celebrated *habeas corpus* case, and uses language like the following:

" A writ of *habeas corpus* is not like an action to recover damages for an unlawful arrest or commitment, but its object is to ascertain whether the prisoner can lawfully be detained in custody; and if sufficient ground for his detention by the government is shown, he is not to be discharged for defects in the original arrest or commitment." Citing *Ex parte Bollman & Swartout*, 4 Cranch, 75, 114, 125; *Coleman* v. *Tennessee*, 97 U. S. 509, 519; *United States* v. *McBratney*, 104 U. S. 621, 624; *Kelley* v. *Thomas*, 15 Gray 192; *The King* v. *Marks*, 3 East 157; *Shuttleworth's Case*, 9 Q. B. 651. (See *Nishimura Ekiu* v. *United States*, 142 U. S. 651.)

Then certainly the prisoner Torres was properly held for trial on the charge of embezzlement preferred against him by the district attorney.

Then the action of the district judge in refusing to enlarge the prisoner, in accordance with this application, was in strict accordance with the law applicable to this case, and his action must be affirmed. The judgment of the court will be entered accordingly.

*Affirmed.*

. Jueces concurrentes: Sres. Presidente, Quiñones y Asociados, Hernández, y Sulzbacher.

El Juez Asociado Sr. Figueras no formó Tribunal en la vista de este caso.